**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

ANDREW JAMES MCGONIGLE, on behalf   :
of himself and others similarly situated,   :   CASE NO. 0:25-cv-61164-AHS
  :
*Plaintiff,*   :
  :
v.   :   **CLASS ACTION**
  :
PURE GREEN FRANCHISE   :
CORPORATION,   :
  :
*Defendant.*   :
_____/

**JOINT SCHEDULING REPORT**

Plaintiff McGonigle and Defendant Pure Green Franchise Corporation (collectively, the "Parties"), submit the following joint scheduling report and proposed scheduling order attached as Exhibit 1:

**A.  Meeting of the Parties:**

Counsel for the parties conferred telephonically to discuss the matters addressed in this Joint Scheduling Report and Discovery Plan on August 26, 2025.

This is a Standard Track case.

**B.  Fed. R. Civ. P. 26(f)(3) Discovery Plan**:

    i.  **Initial Disclosures**: The Parties do not believe any changes should be made to required disclosures. The Parties have agreed to serve initial disclosures by September 10, 2025.

    ii.  **Subjects of Discovery, Completion of Discovery, and Phasing of Discovery**:

Plaintiff anticipates taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. Plaintiff does not believe discovery should be conducted in phases or limited to particular issues and will oppose any motion to limit

discovery that Defendant files as Defendant has not identified a defense unique to Plaintiff providing a basis for such a wholesale limitation on discovery. *See, e.g., Childers v. Senior Healthcare Advisors LLC*, No. 24-60553-CIV-SINGHAL, Order (ECF 37) (S.D. Fla. Apr. 4, 2025) (denying bifurcation in a TCPA case: "[T]he Court recognizes the 'murky' division between the phases for discovery and the potential for redundancy. *Lakeland Regional Medical Center, Inc.*, 2011 WL 486123, at *2 (M.D. Fla. 2011). In addition, the subject of consent and how SHA obtains consent is relevant to both the Plaintiff and purported class. Therefore, the Court will not elect to bifurcate discovery."). Defendant favors a bifurcated schedule and Plaintiffs do not. Further, while Plaintiffs believe this is a standard track case, Defendant believes it should follow the complex track schedule based on Plaintiffs' desire to certify a class within the same track.

Defendant believes bifurcated discovery—during which the parties would initially focus discovery for a period of 120 days on the merits of Plaintiff's individual TCPA claims and then brief summary judgment as to said claims, before moving on to broader discovery (if at all)—would be more efficient for all. Defendant intends to file a formal motion to bifurcate discovery in this regard. Defendant contends that there are narrow case-dispositive issues unique to Plaintiff in this case (e.g., who physically made the subject call for direct or vicarious liability purposes or whether Plaintiff consented or his consent was required) that can be efficiently resolved at the outset, which may obviate the need for class discovery. Courts in this District and elsewhere have often bifurcated discovery in TCPA cases for this reason. *See, e.g., Physicians Healthsource, Inc. v. Anda, Inc.*, 2012 WL 7856269, at *2 (S.D. Fla. 2012) (ordering in TCPA case that, "in the interests of efficiency, Defendant should be allowed to conduct discovery on and submit a dispositive motion as to

Plaintiff's individual claims" with "a schedule for class certification briefing [to] be set after Defendant's dispositive motion is resolved."); *Brooks v. PSCU, LLC*, 2025 WL 1654697, at *6 (M.D. Fla. June 11, 2025) (granting motion to bifurcate in TCPA class action were it would "promote the expeditious resolution of th[e] action"); *Leschinsky v. Inter-Continental Hotels Corp.*, 2015 WL 6150888, at *2 (M.D. Fla. Oct. 15, 2015) (granting defendant's motion to bifurcate discovery in TCPA class action, noting "Defendants' arguments in favor of a bifurcated discovery process [we]re well-taken"); *Newell v. Aliera Healthcare, Inc.*, 2020 WL 13568762, at *3 (N.D. Ga. Apr. 6, 2020) (bifurcating discovery in TCPA class action, holding: "[B]ifurcating discovery into two phases … will promote the efficient resolution of this matter" and will cause "no significant prejudice to Plaintiff."); *Cameron v. CHW Grp., Inc.*, 2025 WL 2336513, at *4 (D. Utah Aug. 13, 2025) (bifurcating discovery in TCPA case between plaintiff's individual claim and class discovery); *Sapan v. Fin. of Am. Reverse LLC*, 2025 WL 1932935, at *3 (C.D. Cal. July 14, 2025) (same); *Moore v. Demand Sci. Grp., LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) (same, noting "it [wa]s more efficient to proceed with the limited and targeted discovery as proposed by Defendant given that the overlap between the proposed initial discovery and merits discovery [wa]s minimal"). Pure Green will suffer hardship if forced to engage in costly and burdensome class and other broader discovery that will likely be rendered moot if Plaintiff's individual TCPA claim fails on its merits on a summary judgment motion. *See Babare v. Sigue Corp.*, 2020 WL 8617424, at *2 (W.D. Wash. Sept. 30, 2020) ("It is well-recognized that discovery in class actions is expensive and asymmetric, with defendants bearing most of the burdens."). Accordingly, Defendant respectfully requests that it be granted leave to file a formal motion to bifurcate discovery, demonstrating why bifurcation would be appropriate in this

case, before the Court enters a discovery schedule.

  iii. **Disclosure, Discovery, or Preservation of Electronically Stored Information**:  At this time, the Parties do not anticipate any issues regarding electronically stored information.

  iv. **Claims of Privilege or of Protection as Trial Preparation Materials**:  The Parties do not anticipate any issues regarding claims of privilege or work product protection.  The Parties intend to submit to the Court for its review and approval a proposed protective order governing the production and handling of privileged, confidential, proprietary, and otherwise sensitive discovery materials in this action.  The proposed protective order will also provide a procedure, consistent with Fed. R. Evid. 502(b), for clawing back inadvertently disclosed privileged documents. The Parties will comply with the Court's rules governing redaction of account and social security numbers.

  v. **Limitations of Discovery**:  The Parties do not believe, at this time, that any changes should be made in the limitations on discovery imposed under the Federal Rules or Local Rules.

  vi. **Other Rule 16(b), 16(c), or 26(c) Orders**:  The Parties anticipate that they will require a Protective Order to limit the dissemination of confidential, proprietary and/or trade secret materials in this litigation.  The Parties agree to work in good faith to submit a proposed Protective Order for entry by the Court before discovery is exchanged.

**C. L.R. 16.1(b)(2) Conference Report**:

 A. **<u>Likelihood of Settlement</u>**:  The Parties will engage in good faith settlement

discussions.

**B.** **<u>Likelihood of Appearance of Additional Parties</u>**: Plaintiff may seek to add as a

Defendant any third-party publisher involved in the calls to Plaintiff.

**C.** **<u>Proposed Deadlines</u>**:

Plaintiff proposes the following deadlines:

| EVENT | PROPOSED DEADLINE |
|---|---|
| Initial disclosures | September 10, 2025 |
| Parties shall select a mediator pursuant to Local Rule 16.2 and shall schedule a time, date, and place for mediation by | September 24, 2025 |
| Joinder of any additional parties | October 31, 2025 |
| Filing of motions to amend the complaint | October 31, 2025 |
| The parties shall disclose affirmative experts, expert witness summaries, and reports, as required by Fed. R. Civ. P. 26(a)(2) | March 17, 2026 |
| The parties shall disclose rebuttal experts, expert witness summaries, and reports, as required by Fed. R. Civ. P. 26(a)(2) | April 14, 2026 |
| Fact and Expert discovery shall be completed | May 8, 2026 |
| Plaintiff's Motion for Class Certification | May 14, 2026 |
| Defendant's Response/Opposition to Plaintiff's Motion for Class Certification | June 4, 2026 |
| Plaintiff's Reply in Further Support of Class Certification | June 18, 2026 |
| Mediation shall be completed | June 18, 2026 |
| Dispositive motions, including motions for summary judgment and Daubert, shall be filed by | July 16, 2026 |
| Responses to dispositive motions | August 6, 2026 |
| Replies to dispositive motions | August 20, 2026 |
| All pretrial motions and memoranda of law, including motions in limine, shall be filed by | November 17, 2026 |

| Joint pretrial stipulation, deposition designations and counter-designations, proposed joint jury instructions, proposed joint verdict form, and/or proposed findings of fact and conclusions of law shall be filed by | December 1, 2026 |
|---|---|

Defendant proposes that discovery be bifurcated and intends to file a formal motion for protective order in this regard, as discussed above.

Defendant proposes phased discovery as follows:

Discovery as to the merits of Plaintiff's individual Telephone Consumer Protection Act ("TCPA") claim against Defendant as alleged in the operative complaint, including Defendant's defenses to Plaintiff's individual TCPA claim, shall proceed for 120 days after entry of the scheduling order.

All discovery during the initial bifurcated period shall be limited to issues relevant to determining the merits of Plaintiff's individual TCPA claim as alleged against Defendant in the operative complaint and Defendant's defenses to Plaintiff's individual claim, specifically: (i) whether Defendant is directly or vicariously liable under the TCPA for the subject calls to Plaintiff; (ii) whether Plaintiff provided consent to receive such calls; and (iii) whether Plaintiff has standing to bring a claim. Merits discovery that overlaps with whether Plaintiff would be an adequate class representative will also be permitted, to the extent such discovery is relevant to the merits of Plaintiff's individual claim and Defendant's defenses to Plaintiff's claim.

The parties can issue reasonable third-party discovery (i.e., subpoenas) during this initial discovery period as needed, but class-specific discovery (i.e., discovery beyond the merits of Plaintiff's individual claim and Defendant's defenses to Plaintiff's individual claim) shall not be allowed during the initial period.

Bifurcation will not impact the number of depositions a party is permitted, though the parties would be able to split the full seven hours allotted under the Federal Rules for a deposition. The parties can, however, agree to provide more time or to additional depositions, or petition the Court for more time or additional depositions for good cause.

After the initial discovery period and completion of summary judgment briefing as to Plaintiff's individual TCPA claim (if any), the Court shall set a further case management and scheduling conference, to occur at the Court's convenience, in order to set a schedule for class discovery and all other case management deadlines, if necessary. The parties will submit proposed schedules for the Court's consideration. If no summary judgment motions are filed by the deadline above, the Court will set the conference at that time.

D. **Proposals for the Formulation and Simplification of Issues**:  The Parties agree to work together in good faith to simplify the issues presented for the Court's determination.

E. **Amendments to the Pleadings:** Plaintiff anticipates amending the complaint to add another named Plaintiff and amend the claims asserted.

F. **Possibility of Obtaining Admissions of Fact and of Evidence, and Need for Advance Rulings from the Court on Admissibility of Evidence**:  The Parties have agreed to discuss obtaining admissions of fact and of evidence during the discovery process, and, if they are not able to reach agreements regarding admissions of fact and of evidence, they may ultimately require advance rulings from the Court on the admissibility of evidence.

G. **Suggestions for the Avoidance of Unnecessary Proof and of Cumulative Evidence:**  The Parties agree that such issues can be disposed of by motions in

limine and/or other pretrial motions and stipulations regarding undisputed facts and the authenticity of documents whose authenticity is not in dispute.

**H. Referral to a Magistrate**:  Declined.

**I. Preliminary Estimate of Time Required for Trial**:

The estimate will be dependent on determination of class certification, but likely 5 days.

**J. Proposed Pre-Trial Conference and Trial Dates**:

| EVENT | PROPOSED DATE |
|---|---|
| Calendar Call | December 15, 2026 |
| Jury Trial | January 11, 2027 |

Defendant believes it would be premature to propose trial dates at this time given its forthcoming motion to bifurcate discovery.

Dated: August 27, 2025         Respectfully submitted,

/s/ Avi R. Kaufman
Avi R. Kaufman (FL Bar no. 84382)
kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
237 South Dixie Highway, 4th Floor
Coral Gables, FL 33133
Telephone: (305) 469-5881
*Attorneys for Plaintiff and the putative class*

/s/ Bezalel A. Stern
Bezalel A. Stern (Fla. Bar # 110447)
**Manatt, Phelps & Phillips, LLP**
1050 Connecticut Ave. NW, Suite 600
Washington, DC 20036
Tel: (202) 585-6500
Email: bstern@manatt.com
*Counsel for Defendant*

8