**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| ANDREW JAMES MCGONIGLE, on behalf of himself and others similarly situated, | : : | CASE NO. 0:25-cv-61164-AHS |
| | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | **CLASS ACTION** |
| | : | |
| PURE GREEN FRANCHISE CORPORATION, | : : | |
| | : | |
| *Defendant.* | : | |
| | / | |

**[DEFENDANT'S PROPOSED] SCHEDULING ORDER**

This matter, coming to be heard on the "Joint Scheduling Report" submitted on August 27, 2025 by the parties in the above-referenced matter, due notice having been given, the Court being fully apprised in the premises, the Court having considered the parties' scheduling proposals, and for good cause shown, IT IS HEREBY ORDERED THAT:

1. The Court adopts Defendant's proposal, as is reflected in the Joint Scheduling Report.

2. Discovery will be phased/bifurcated, with individual discovery to proceed class discovery. according to the following schedule:

   a. Discovery as to the merits of Plaintiff's individual Telephone Consumer Protection Act ("TCPA") claim against Defendant, as alleged in his operative complaint, shall proceed for **one hundred twenty (120) days** after entry of this order;

   b. Opening summary judgment motions as to the merits of Plaintiff's individual TCPA claim shall be due **thirty (30) days** after the close of the initial phase of individual discovery;

   c. Oppositions to summary judgment due **thirty (30) days** after service of opening

1

motions; and

    d.  Reply briefs in support of summary judgment due **fifteen (15)** days after service of oppositions.

3.  All discovery during this initial period shall be limited to issues relevant to determining the merits of Plaintiff's individual TCPA claim against Defendant, specifically on the following issues: (i) whether any such messages were sent with Plaintiff's "prior express invitation or permission" or the Defendant and the Plaintiff have an "established business relationship" within the meaning of the TCPA at the time; (ii) whether any such messages qualify as a "telephone solicitation" within the meaning of the TCPA; (iii) whether Defendant is directly or vicariously liable for sending the submit communications to Plaintiff; and (iv) whether Plaintiff has proper standing to bring a TCPA claim or would be an appropriate class member, given the factual circumstances.

4.  The Parties can issue third party discovery during this initial discovery period as needed, but class related discovery shall not be allowed. To the extent Plaintiff has already issued any class-related discovery requests, Defendant or other parties need not respond to same.

5.  The parties may petition the Court, separately or jointly, to extend the bifurcation period as needed.

6.  Further case management and scheduling conference (if necessary and should this case proceed) to set a schedule for class claim discovery and all other case deadlines:

    a.  [*Alternative 1*]: The Court shall set a further case management and scheduling conference to occur, at the Court's convenience, after the close of the initial 120 day period;

b. [*Alternative 2*]: The Court shall set a further case management and scheduling conference to occur, at the Court's convenience, after the Court has ruled on summary judgment motions relating to Plaintiff's individual TCPA claim.

SO ORDERED THIS ___ DAY OF _____, 2025

By: _____

Hon. Raag Singhal

United States District Judge